IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | CASSANDRA GOFF, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| v. | | ) | Civil Action No.  CIV-16-1011-F |
| | | ) | |
| | | ) | |
| (1) | PRITCHARD SPORTS & ENTERTAINMENT GROUP, LTD. | ) ) ) | |
| | | ) | |
| | Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, Cassandra Goff, by and through her undersigned counsel, and by way of her Complaint against the Defendant, Pritchard Sports & Entertainment Group, Ltd., alleges as follows:

### I.  Nature of Action

1.1   This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the termination of Plaintiff's employment.  The action specifically seeks to enforce rights created under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq.*; and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. 1101, *et. seq.*   As redress for Defendant's violations of the Title VII and OADA Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay,

reinstatement or, in the alternative, front pay, punitive damages, damages for emotional distress and attorney fees and costs. As redress for Defendant's violation of the FMLA, Plaintiff prays for and demands legal and equitable relief, including back pay, compensatory damages, liquidated damages and attorney fees and costs.

## II. Jurisdiction and Venue

2.1 This Court has jurisdiction over Plaintiff's Title VII claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 2201. This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

2.2 At all times material to this action, Plaintiff was an employee who had been employed for at least 12 months by Defendant and worked for at least 1,250 hours of service with Defendant during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.3 Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.4 Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.5   All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.   Plaintiff filed charges of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission.   On or about July 12, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue and this suit is instituted within the 90-day deadline contained within the notice.

2.6   This Court has pendent jurisdiction over the state law claim as the claim arose under the same set of facts as the federal statutory claims.

### III.   Parties

3.1   Defendant, Pritchard Sports & Entertainment Group, Ltd., is a foreign corporation registered to do business in the State of Oklahoma. Defendant may be served with Summons and Complaint by serving its registered agent for service of process: Corporation Service Company, 115 SW 89th Street, Oklahoma City, Oklahoma 73139.

3.2   Defendant conducts business and maintains an office in the judicial district of this Court.

3.3   Plaintiff, Cassandra Goff, is a resident of Oklahoma County, Oklahoma.

3.4   At all times relevant, Defendant employed Plaintiff.

### IV.   Background Facts

4.1   Defendant performs janitorial and housekeeping services at the Remington Park Racing Casino.

4.2   Plaintiff, female, began employment at Defendant in housekeeping.   At her termination she held the position of Manager of Housekeeping.

4.3     Plaintiff reported directly to James Powell, General Manager of cleaning services.   Plaintiff always met or exceeded her performance standards.

**Sexual Harassment**

4.4     Approximately August 2015, James Powell, GM, began subjecting her to a sexually hostile work environment. The harassment included flirtatious behavior, comments on appearance and requests for sex and sexual favors.  The comments included, but were not limited to, you "I will give your $200 for *ead", "nice *ss", "cannot believe you won't give me *ead and you have six kids", "can we *uck instead of *ead" and "you are my chocolate".

4.5     His sexually harassing behavior and comments were unwanted by Plaintiff and occurred approximately every other week.   Plaintiff did not participate in the behavior and his sexually harassing behavior toward Plaintiff was open and obvious.

4.6     Another female employee in housekeeping also was subjected to sexual harassment from GM Powell.

**Reporting of Sexual Harassment**

4.7     On or about January 12, 2016 Plaintiff met with Carlos [last name unknown], regional manager, in his office and reported sexual harassment from GM Powell toward herself and another female employee.   A few days later, an HR representative represented to Plaintiff an investigation.

**Retaliation**

4.8     Thereafter, Plaintiff continued to report directly to GM Powell.   Mr.

4

Powell changed his attitude and treatment toward Plaintiff.  He was now rude, glared at her and reduced communication with her.

4.9    On or about January 21, 2016 Plaintiff met with Carlos again to report retaliatory treatment from GM Powell.  Here, Carlos criticized her performance and threatened termination.

**No Investigation or Remedial Measures**

4.10   Despite her reporting, Defendant did not conduct any investigation or institute any remedial measures.  Plaintiff never received any feedback from HR or management concerning a purported investigation.

**FMLA-qualified Leave**

4.11   On or about January 27, 2016 Plaintiff suffered an eye infection and was treated at the ER of Southwest Medical Center.  She was removed from work for 3 days.

4.12   Plaintiff hand-delivered her medical records and work removal to Mr. Powell.

4.13   On or about February 3, 2016 Plaintiff obtained additional ER treatment at St. Anthony's Hospital.  She received a physician's note removing "her from work 2/4/16, 2/5/16" – an additional 2 days.

4.14   Plaintiff hand-delivered the physician note to Carlos.

**Suspension at Return**

4.15   Plaintiff returned to work February 6, 2016 and attended a department meeting.  After the meeting, Carlos suspended her from work conditioned upon a

second (duplicative) work release from a physician.

4.16   During her suspension, on or about February 16, 2016, a human resources representative called Plaintiff and told her that she had until February 17, 2016 in which to provide a second release to work or lose her job.

4.17   Plaintiff contacted St. Anthony's ER and was unable to obtain a second work release.

4.18   The work release provided by Plaintiff was unambiguous and clear as to her work release.

4.19   Defendant had permitted Plaintiff to work in the past with the same/similar eye infection.

4.20   Since her termination, Defendant has not communicated or attempted to communicate with Plaintiff concerning re-hire or reinstatement.

## Count I:   Title VII and OADA

### (Sex Discrimination in Termination and Hostile Work Environment)

5.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.20 of this Complaint.

5.2   At all times material to this cause of action, Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(a), (b), (g) & (h), and has continuously employed and does employ fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b) & (f).

5.3     Plaintiff was an "employee" of Defendant and Defendant was Plaintiff's "employer", within the meaning of 42 U.S.C. § 2000e(f), throughout her employment.

5.4     Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of sex by maintaining a hostile and abusive work environment in which she was subject to unwelcome sexual harassment which was so severe and pervasive that the terms, conditions and privileges of her employment palpably deteriorated.  Defendant otherwise knew or should have known of such sexual harassment and yet failed to take prompt remedial action.

5.5     Such conduct was so extreme and pervasive that it unreasonably interfered with Plaintiff's work performance and otherwise created for her an intimidating, hostile and offensive working environment at Defendant.  By engaging in such conduct, Defendant violated Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of her sex.

5.6     Plaintiff's sex was a motivating factor in Plaintiff's discharge. Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her sex in discharge.  By engaging in such conduct, Defendant violated, and continues to violate Section 703(a)(1) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discharge any person because of sex.

5.7    Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

5.8    As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment at Defendant and the loss of compensation, including salary, bonuses and employee benefits, and promotions she would have received as an employee at Defendant had she not been discharged in violation of Title VII and OADA.

5.9    As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

5.10    As a direct and proximate cause of the violations of Title VII and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

**COUNT II:   Title VII and OADA (Retaliation in Termination of Employment)**

6.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.10 of this Original Complaint.

6.2    Plaintiff complained to management of sexual harassment toward her and another female employment from her superior and opposed employment discrimination from her superior.  Plaintiff held the good faith belief that she was opposing and reporting sex discrimination at work.  By Plaintiff holding the good faith belief that she was opposing discrimination and complaining of such conduct to her superior, Plaintiff

was opposing and reporting discrimination made unlawful by Title VII and OADA. Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and OADA.

6.3     Plaintiff's opposition to and complaining of discrimination was a motivating factor in the discharge of her employment.  Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of her opposition to and complaining of discrimination in her termination of employment.

6.4     By engaging in the aforementioned conduct, Defendant violated, and continues to violate Section 703(a)(1) & 704 (a) of Title VII and OADA, which makes it an unlawful employment practice for an employer to discriminate against any person because she has opposed or complained of any practice made an unlawful employment practice by Title VII and OADA.

6.5     Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff.

6.6     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has been damaged by the loss of her employment and loss of compensation and benefits and promotions and other pecuniary benefits she would have received as an employee had she not been discharged in violation of Title VII and OADA.

6.7     As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered mental and emotional distress.

6.8    As a direct and proximate result of the violations of Title VII and OADA alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

### COUNT III: FMLA
### (Interference, Restraint or Denial of FMLA rights)
### (Retaliation for Requesting FMLA leave)

7.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.8 of this Original Complaint.

7.2    At all times material to this action, Defendant has retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise of rights under Section 2615(a)(1) of the FMLA by;   1. ignoring her physician's notes placing her on FMLA-qualified leave; 2. suspending Plaintiff from work upon return from FMLA-qualified leave; 3. conditioning approval for FMLA-qualified leave upon a duplicative physician note within 24 hours and 4. terminating Plaintiff's employment.

7.3    As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has been damaged by the loss of her employment with Defendant and the loss of compensation, including salary and employee benefits, she would have received as an employee of Defendant had his rights under the FMLA not been interfered, restrained or denied or been retaliated for her attempted exercise of FMLA rights.

Prayer for Relief

Plaintiff prays for and demands the following relief:

1. A judgment that Defendant has engaged in all of the conduct alleged in this Complaint, and that Defendant has, by engaging in such conduct, violated the Title VII, OADA and FMLA.

2. A judgment against Defendant awarding Plaintiff an amount equal to the back pay, including lost commissions, bonuses and benefits, she would have received from termination through the date of judgment, but for the sex discrimination and retaliation.

3. A judgment awarding Plaintiff an amount equal to the front pay, including lost bonuses and benefits, she would have received, from the date of judgment through the date she would have retired or resigned from Defendant had her employment with Defendant not been terminated.

4. A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's violation of the Title VII, FMLA and OADA.

5. A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for its violation of the Title VII and OADA.

6. Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. § 2617 (a)(1)(A)(iii);

7. A judgment for mental and emotional distress.

8. A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

9. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

s/ Jeff A. Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd.
Oklahoma City, OK   73118
Telephone:   (405) 286-1600
Facsimile:    (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of her claims in this action.

S/Jeff Taylor
JEFF A. TAYLOR